Filed 9/23/24

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JUAN LUIS GALLARDO,<br><br>    Defendant and Appellant. | D084179<br><br><br>(Super. Ct. No. INF046168) |

Appeal from an order of the Superior Court of Riverside County, John D. Molloy, Judge.  Reversed and remanded with directions.

James R. Bostwick, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal, Seth Friedman, and James M. Toohey, Deputy Attorneys General, for Plaintiff and Respondent.

INTRODUCTION

Juan Luis Gallardo appeals the trial court's order denying his petition to vacate his conviction for attempted murder and be resentenced pursuant to Penal Code section 1172.6.[1]  He contends the trial court failed to conduct its

---

[1]    Further unspecified statutory references are to the Penal Code.

own assessment of whether he is eligible for relief under section 1172.6 because the record does not indicate the court reviewed the record of conviction in rendering its decision. The Attorney General urges us to conclude that any procedural error in the trial court's review of Gallardo's claim for relief is harmless because the jury instructions and verdict forms from Gallardo's trial—records the trial court *did not* review—demonstrate he is precluded from relief as a matter of law.

On the record before us, we conclude the trial court failed to adequately conduct the inquiry mandated by section 1172.6, subdivision (c). The goal of the vacatur and resentencing procedure in section 1172.6 is to ensure a person's sentence is commensurate with their criminal culpability; this goal may not be accomplished without the trial court's review of the record of conviction to determine a petitioner's eligibility for relief. Without such a review, the trial court's determination of the petitioner's prima facie claim for relief is reduced to a perfunctory exercise. The burden is then placed on the appellate courts to review the trial court's order for harmless error, which would, in this case, require us to review volumes of transcripts in the first instance. Section 1172.6 does not contemplate the appellate courts performing such a function, nor are the reviewing courts equipped to do so. Accordingly, we shall reverse the order denying Gallardo's petition with directions to the trial court to conduct the requisite proceeding under section 1172.6, subdivision (c).

FACTUAL AND PROCEDURAL BACKGROUND

In 2009, a jury convicted Gallardo of "two counts of robbery [(§ 211; counts 1 & 2)], one count of attempted willful, deliberate and premeditated murder (§§ 664/187, subd. (a); count 3), two counts of assault with a firearm (§ 245, subd. (a)(2); counts 6 & 7), one count of discharging a firearm at an

2

occupied building (§ 246; count 9), one count of unlawful possession of a firearm (§ 12021, subd. (e); count 10), one count of unlawful possession of ammunition (§ 12316, subd. (b)(1); count 11), and one count of actively participating in a criminal street gang (§ 186.22, subd. (a); count 12)."[2] (See *People v. Gallardo* (Oct. 27, 2010, D056520) [nonpub. opn.].) "[T]he court sentenced Gallardo to prison for a total of 90 years four months, consisting of an aggregate 21 year-four month determinate term and a 69-year-to-life aggregate indeterminate sentence." (*Ibid*.) We affirmed the judgment in 2010. (*Ibid*.)

In October 2023, Gallardo filed a petition for resentencing pursuant to section 1172.6. The court set a "status conference" related to the petition, and a hearing took place on November 3, 2023. Gallardo was not present at the hearing, and the court appointed counsel to represent him. The record does not indicate that any briefing or documentary evidence was submitted by the prosecution or by Gallardo's counsel.

During the hearing, the following exchange took place between the prosecutor, Gallardo's counsel, and the court:

> "[Prosecutor]: I sent the instructions to [Gallardo's counsel] on the 31st. Only direct aiding and abetting was given to the defendant. No other theory, including felony murder, natural and probable consequences, or any other by which malice could possibly be impeded [*sic*] to the defendant was given. I would ask that that petition be denied.
>
> "[Defense counsel]: I have confirmed that I read those instructions and that recitation is accurate. I'll submit.

---

[2]    We grant the Attorney General's request for judicial notice of our prior unpublished opinion in Gallardo's direct appeal solely for the purpose of reciting the procedural history of the case. (Evid. Code, §§ 452, 459; Pen. Code, § 1172.6, subd. (d)(3) [permitting consideration of the procedural history of a case as recited in the appellate opinion].)

"[¶] . . . [¶]

"[The Court]:  Okay.  The petition is denied."

This appeal followed.

DISCUSSION

Effective January 1, 2019, the Legislature enacted Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) " 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § 1, subd. (f).)" (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).)  Senate Bill 1437 also created a procedure that allows persons convicted under the former murder laws to petition for retroactive relief. (Stats. 2018, ch. 1015, § 4; *People v. Strong* (2022) 13 Cal.5th 698, 708 (*Strong*).)  In January 2022, Senate Bill No. 775 (2021–2022 Reg. Sess.) clarified that the resentencing procedures in Senate Bill 1437 were applicable to persons convicted of attempted murder and manslaughter under certain circumstances.  (Stats. 2021, ch. 551, § 1; *People v. Coley* (2022) 77 Cal.App.5th 539, 548.)

The section 1172.6 petition process "begins with the filing of a petition containing a declaration that all requirements for eligibility are met [citation], including that '[t]he petitioner could not presently be convicted of murder or attempted murder because of changes' " to the Penal Code made by Senate Bill 1437.  (*Strong, supra*, 13 Cal.5th at p. 708; § 1172.6, subds. (a)(1)–(a)(3).)  When the trial court receives a petition satisfying the pleading requirements in section 1172.6, subdivisions (a)(1)–(3), the court must appoint counsel upon request.  (*Id*., subd. (b)(3).)  Then, within 60 days of

service of the petition, the prosecution "*shall* file and serve a response." (*Id.*, subd. (c), italics added.) The trial court must then conduct a hearing to determine whether the "petitioner has made a prima facie case for relief," and issue an order to show cause if the petitioner has done so. (*Ibid.*; *Strong*, at p. 708.)

At the prima facie stage, the court may examine the record of conviction to assess the petitioner's eligibility for relief, but it may not engage in factfinding, weigh the evidence, or assess credibility. (*Lewis*, *supra*, 11 Cal.5th at pp. 971–972.) The court must generally take the petitioner's factual allegations as true, but it is not required to accept factual allegations that are refuted by the record of conviction. (*Id.* at p. 971.) The record of conviction includes documents from the petitioner's jury trial like the jury instructions and verdict forms. (*People v. Harden* (2022) 81 Cal.App.5th 45, 50 (*Harden*) [jury instructions and verdicts on which they were based supported denial of § 1172.6 petition].) The court may deny a petition at the prima facie stage only if "the petition and record in the case establish *conclusively* that the defendant is ineligible for relief" as a matter of law. (*Strong*, *supra*, 13 Cal.5th at p. 708, italics added.) We independently review the trial court's decision to deny a section 1172.6 petition. (*Harden*, at p. 52.)

Here, the record reflects the court set a "status conference" upon receipt of Gallardo's petition for resentencing. Prior to the hearing, the prosecution did not submit the responsive briefing required by section 1172.6, subdivision (c), and the record does not indicate the court reviewed any part of the record of conviction in rendering its decision. In fact, the record does not reflect the court reviewed any documentary evidence at all. Nonetheless, the court summarily denied the petition following the prosecution's oral

5

proffer that the jury instructions from Gallardo's trial were based on a theory of direct aiding and abetting attempted murder.

On this record, we conclude the court failed to adequately conduct the proceedings required by section 1172.6, subdivision (c). Gallardo's form petition included the necessary information to trigger a hearing under subdivision (c), but the court did not receive or review any briefing by the parties, nor did it review and consider the record of conviction. The representations by the parties were conclusory in nature, and we do not construe defense counsel's agreement that the prosecution's recitation of the jury instructions was "accurate," to be a stipulation that Gallardo had not presented a prima facie claim for relief. In other words, the court could not have determined that the record of conviction conclusively established Gallardo was ineligible for relief as a matter of law because it does not appear that the court reviewed any aspect of the trial record.

Nonetheless, the Attorney General asks this court to take judicial notice of the record from Gallardo's direct appeal and conclude that any procedural error in the trial court's evaluation of the section 1172.6 petition was harmless. The Attorney General contends the jury instructions and verdict forms from Gallardo's trial demonstrate he was not convicted under the only theory of liability that would afford him relief—the natural and probable consequences doctrine—and therefore he is ineligible for relief as a matter of law.

Although we recognize an order denying a section 1172.6 petition may be reviewable for harmless error (*People v. Vance* (2023) 94 Cal.App.5th 706, 714), the Attorney General's argument is, in effect, a request that we review the record to determine Gallardo's eligibility for relief in the first instance. We decline to do so. In its prima facie review, the trial court was required to

6

determine if the record of conviction conclusively established Gallardo was ineligible for relief as a matter of law. (*Strong, supra,* 13 Cal.5th at p. 708.) The parties did not submit briefing or any part of the record of conviction to the trial court, and therefore the court could not have conducted the review required by section 1172.6, subdivision (c). This court will not perform the trial court's statutorily mandated task for the first time on appeal. Although our review of the order denying Gallardo's petition is de novo, it is a canon of appellate review that we, as the reviewing court, are "neither authorized nor inclined to substitute our judgment for the judgment of the trial court." (*In re Marriage of Baker* (1992) 3 Cal.App.4th 491, 498.) Accordingly, the request for judicial notice is denied.[3]

We will not, however, direct the trial court to issue an order to show cause at this time, as Gallardo urges us to do in his briefing on appeal. The record does not demonstrate the trial court made an adequate determination of whether Gallardo made a prima facie claim for relief under section 1172.6, subdivision (c), or if he is ineligible for relief as a matter of law. Thus, under the circumstances, we conclude the appropriate remedy is reversal of the order denying the petition with directions to the trial court to perform its functions under section 1172.6, subdivision (c). We take no position on whether the trial court should ultimately determine that Gallardo has made a prima facie claim for relief.

---

[3]     Our decision is not to suggest it is inappropriate to take judicial notice of the record in a prior appeal on review of a Penal Code section 1172.6 petition. (See e.g., *People v. Burns* (2023) 95 Cal.App.5th 862, 865, fn. 3 [taking judicial notice of the record in a prior appeal on review of a petition under section 1172.6].) However, under the circumstances, we decline to do so because the record does not indicate the trial court reviewed or took judicial notice of *any* part of the record of conviction and we will not base our review entirely on evidence not considered by the trial court.

DISPOSITION

The order is reversed. The matter is remanded for the trial court to conduct proceedings consistent with section 1172.6, subdivision (c).


McCONNELL, P. J.

WE CONCUR:



DO, J.



KELETY, J.